IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

SAINT JUSTE MACKENSON, :
:
    Petitioner :
:
v. : CIVIL NO. 3:CV-17-1474
:
CLAIRE DOLL, : (Judge Conaboy)
:
    Respondent :

## **MEMORANDUM**
### **Background**

Saint Juste Mackenson, a detainee of the Bureau of Immigration and Customs Enforcement (ICE) presently confined at the York County Prison, York, Pennsylvania, filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Named as Respondent is Warden Claire Doll of the York County Prison. Service of the petition was previously ordered.

Petitioner alleged that because there is no likelihood that he will be deported in the foreseeable future, his continued indefinite detention by the ICE pending completion of his removal proceedings was unconstitutional pursuant to the standards announced in Zadvydas v. Davis, 533 U.S. 678 (2001). As relief, Mackenson sought his immediate release.

On January 25, 2018, Respondent filed a "Suggestion of Mootness." Doc. 6, p. 1. The notice states that Petitioner was released from ICE custody on November 28, 2017. See id. Accordingly, Respondent contends that since Petitioner has been

1

released, dismissal on the basis of mootness is appropriate.

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "'personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. Lewis, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)); see also Gaeta v. Gerlinski, Civil No. 3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

As relief, Mackenson sought his immediate release from ICE detention. Since Petitioner has been released from ICE custody, under the principles set forth in Steffel, his instant petition

2

is subject to dismissal as moot since it no longer presents an existing case or controversy. An appropriate Order will enter.

/s/ Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: JANUARY 26th, 2018

FILED
SCRANTON
JAN 2 6 2018
Per_____
DEPUTY CLERK